IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) |
| TATE JOHNSON, | ) |
| | ) |
| Respondent. | ) |

**UNITED STATES' MEMORANDUM OF
LAW IN SUPPORT OF PETITION FOR ORDER TO SHOW CAUSE**

The United States of America submits this memorandum of law in support of its

petition for an order to show cause.

**FACTS**

The IRS is conducting an examination of Tate Johnson ("Johnson") and two

corporations where he serves as president and taxpayer representative, Brook-Hollow

Capital LLC and Brook-Hollow Financial LLC.  In furtherance of that examination, the

IRS issued two summonses to Johnson seeking documents. These documents may be

relevant in determining whether Johnson, Brook-Hollow Capital LLC, and Brook-Hollow

Financial LLC may be liable for promoting a deferred law firm fee scheme that appears

to allow attorneys to unlawfully defer income for legal services.  Declaration of Elizabeth

A. Walker  ¶¶ 2-3. (Walker Decl.)

Elizabeth A. Walker, an IRS Revenue Agent, is assigned to the examination and is

authorized to issue IRS summonses.  Walker Decl. ¶ 1. Based on the investigation to

1

date, the IRS understands that Brook-Hollow (collectively) offers deferred legal fee programs that purport to defer the receipt of a law firm's fees, payable out of a settlement amount negotiated by the law firm on behalf of its client. Brook-Hollow Financial structures the transactions and arrangements by which law firms defer their legal fees, in exchange for a fee equal to one to three percent of the deferred legal fees. Then, Brook-Hollow Capital loans the law firms up to 97% of the deferred legal fees.  Among the outstanding questions are whether this transaction unlawfully defers or shields attorney income from taxation. Walker Decl. ¶ 3.

In furtherance of the examination and in accordance with 26 U.S.C. § 7602, Revenue Agent Walker issued two summonses to Johnson on March 27, 2024, directing him to produce for examination books, records, papers, and other data described in the summonses.  Walker Decl. ¶ 4.  Johnson was personally served with the summonses. Walker Decl. ¶ 6.

The documents are needed to determine whether Johnson is subject to penalties under 26 U.S.C. § 6700 for promoting an abusive tax shelter. This information is also needed to determine the amount of any possible penalties.

Johnson has not produced any of the documents described in the summons. Walker Decl. ¶¶ 4, 6. The information sought by the summonses may be relevant to determine whether Johnson is subject to penalty for promoting a suspected tax shelter.

All administrative procedures were followed by the IRS in issuing the summons. Walker Decl. ¶ 10.  Furthermore, the IRS does not already possess the material sought in

2

the summonses and there is no "Justice Department referral" in effect under 26 U.S.C. § 7602(d)(2). Walker Decl. ¶¶ 9, 11.

## LEGAL STANDARD

The Internal Revenue Code (26 U.S.C.) directs the IRS to make inquiries into the tax liability of all persons who may be liable to pay any internal revenue tax.  26 U.S.C. § 7601.[1]  In order to carry out that mandate, Congress enacted Section 7602, which authorizes the IRS to, among other things, issue administrative summonses to inquire. See 26 U.S.C. § 7602.  The summons statutes – Sections 7602 and 7613 – provide the IRS with an investigative device that is to be construed broadly in favor of the IRS.  *See United States v. Euge*, 444 U.S. 707, 714-15 (1980).  Congress's intent was to foster effective tax investigations by giving the IRS expansive information gathering authority. *See United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984).

To obtain judicial enforcement of a summons, the IRS must make a prima-facie showing "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the [IRS] Commissioner's possession, and that the administrative steps required by the Code have been followed." *Byers v. United States Internal Revenue Serv.*, 963 F.3d 548, 553 (6th Cir. 2020)(citing *United States v. Powell*, 379 U.S. 48, 57–58, (1964)). As noted by the Sixth Circuit, this  prima-facie burden "isn't much of a hurdle" and requires "no explication of a factual basis for why the IRS has commenced an investigation in a

---

[1] Hereinafter, unless otherwise provided, all section references are to the Internal Revenue Code (26 U.S.C.).

3

particular case." *Byers*, 963 F.3d at 553. The IRS typically meets this burden through the affidavit of an IRS agent. *See, e.g.*, *Kondik v. United States*, 81 F.3d 655, 656 (6th Cir. 1996) (prima-facie case for enforcement "is generally made by the submission of an affidavit from the agent who issued the summonses"); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982) (same).

Once that prima facie case is established, as is done here by Revenue Agent Walker's declaration, the burden shifts to the taxpayer "to demonstrate that enforcement of the summons would be an abuse of the court's process." *Id.* As noted by the Sixth Circuit in *Will*, such "an abuse would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or to put pressure on him to settle a collateral dispute, or for any other purpose reflecting on the good faith of the particular investigation." *Id.* at 967 (citing *Powell*, 379 U.S. at 58).

Summons proceedings are "summary in nature." *United States v. Clarke*, 573 U.S. 248, 254 (2014) (internal citations omitted). "[C]ourts may ask only whether the IRS issued a summons in good faith, and must eschew any broader role of 'oversee[ing] the [IRS's] determinations to investigate.'" *Id.* (quoting *Powell*, 379 U.S. at 56.)

Revenue Agent Walker's declaration clearly and specifically establishes that each of the four elements of a prima facie case for the validity and enforceability of the summons has been met. Johnson has a heavy burden if he seeks to avoid enforcement because he must disprove one of the *Powell* factors or show that the summons was issued in bad faith. *United States v. Stuart*, 489 U.S. 353, 360 (1989).

**THE UNITED STATES HAS MADE A *PRIMA FACIE*
SHOWING FOR ENFORCEMENT OF THE SUMMONSES**

**1.  The Summons was Issued for a Legitimate Purpose**

As stated above, the IRS is conducting an examination of Johnson to determine whether he may be liable for promoting an abusive tax shelter.  The summonses to Johnson were issued in furtherance of that investigation. The Internal Revenue Code specifically authorizes the issuance of summonses for these purposes.  §§ 7601 and 7602(a).  According to the Supreme Court, the IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *Powell*, 379 U.S. at 57 (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950)).  This is because the federal system of taxation relies on self-assessment and the taxpayer's honest reporting of all information relevant to his or her tax liability.  Nonetheless, "it would be naive to ignore the reality that some persons attempt to outwit the system." *United States v. Bisceglia*, 420 U.S. 141, 145 (1975).  The Declaration of Revenue Agent Walker makes clear that the IRS is conducting an examination to determine whether Johnson may be liable for promoting an abusive deferred attorney-fee scheme. Examining fully documents relating to Johnson's promotion is a proper purpose for the issuance of a summons.  The first prong of *Powell* is satisfied.

**2. The Summons Seeks Information Relevant to the Examination**

In addition to a legitimate purpose, *Powell* requires that the inquiry of the summons is limited to information and documents that "may" be relevant to that purpose. *Powell*, 379 U.S. at 57-58.  The summoned information, which includes documents that detail and describe Johnson's promotion may be relevant to the purpose of the investigation.  The Supreme Court discussed the appropriate relevance standard in *United States v. Arthur Young*:

> The language "may be" [in IRC § 7602(a)(1)] reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility.  The purpose of Congress is obvious:  the Service can hardly be expected to know whether such data will in fact be relevant until they are procured and scrutinized.

*Id.* at 814 (emphasis in original).

Thus, in applying the *Powell* test for relevance, the question is not whether the records sought will contradict a taxpayer's return, but whether the records "might" throw light upon the matter being investigated.  *Arthur Young*, 465 U.S. at 814-815, n. 11.  The IRS need not accept the word of the summoned party that records are not relevant.  It is entitled to determine that fact for itself.  *See Tiffany Fine Arts, Inc. v. United States*, 469 U.S. 310, 323 (1985).  This test poses a "very low" threshold because of the inherent difficulties in forecasting how much use the summoned records will be in determining a taxpayer's liability.  *Jatinder Dhillon, a Med. Corp., v. United States*, No. C 10-04871, 2011 WL 830275, at *3 (N.D. Cal. Mar. 3, 2011).  The IRS cannot and need not guarantee that everything summoned will be relevant because, to avoid overlooking

6

relevant materials, IRS agents inevitably must look at materials that are not relevant. *United States v. Arthur Andersen & Co.*, 474 F. Supp. 322, 330 (D. Mass. 1979). Here, the summoned information may "throw light" on unresolved issues in its examination regarding Johnson's promotion.  Without the summoned information, the IRS is handicapped in its ability to determine the scope, extent, and legality of Johnson's promotion. The United States has satisfied *Powell's* relevance requirement.

### 3.  The Summonses Seeks Information that the IRS Does Not Possess

The summonses at issue seeks documents in the possession, custody, or control of Johnson.  Under *Powell*, the IRS is entitled to examine the documents in the possession of the taxpayer that may be relevant to its examination; the summons to Johnson should be enforced to that end.  The United States has satisfied the third *Powell* factor.

### 4.  The IRS has Followed the Required Administrative Steps

The declaration of an IRS agent is sufficient to establish that all administrative steps have been followed.  Revenue Agent Walker's declaration states that she followed all administrative steps required by the Internal Revenue Code in issuing the subject summons to Johnson.  Revenue Agent Walker is authorized to issue summonses, and the summonses here were properly served and noticed to appropriate parties.  Because Johnson resides in this district, the time and place for examination (Cincinnati) were reasonable within the meaning of § 7605.  All proper administrative steps with respect to the summonses have been followed.  Johnson has not complied with the summons, and his refusal to comply continues to date.  Furthermore, there is no Department of Justice

criminal referral in effect, as defined by § 7602(d)(2), with respect to Johnson.  The United States has satisfied the fourth *Powell* factor.

**THE COURT SHOULD ISSUE AN ORDER TO SHOW CAUSE**

As described above, Revenue Agent Walker's declaration establishes that the IRS issued enforceable summonses to Johnson in connection with its examination into Johnson's promotion.  The United States has made a *prima face* showing that the *Powell* factors have been satisfied.  Therefore, the Court should issue an order to show cause directing Johnson to appear and show cause why he should not be compelled to obey the IRS summonses served upon him.

Dated: October 3, 2024

DAVID A. HUBBERT
Deputy Assistant Attorney General

s/Michael R. Pahl
Michael R. Pahl, MN Bar. #0234539
Trial Attorney, Tax Division
U.S. Department of Justice
1275 First Street NE
Suite 10612
Washington, D.C. 20002
michael.r.pahl@usdoj.gov

Attorney for the United States